W. ROOT ADAMS et al., Appellants, *v*. ALVIN PERRY et al.,
Respondents.

A devise of land to trustees directing them to execute and deliver to a cor-
poration a deed of conveyance thereof, for the uses and purposes and with
the restrictions set forth in the will, creates no valid trust in such trus-
tees, and gives them no title, but vests immediately and absolutely in
such corporation the land devised.

A devise of real and personal to trustees, to sell the land and invest the
avails, together with the personal in specified securities, and pay to a
certain educational corporation, annually, the income to be devoted by

such corporation to certain specified purposes, creates an active trust, and the title to the fund does not pass to the corporation.

An academy incorporated for the promotion of literature, and authorized to educate males and females, may establish separate departments for each, and, under the general acts of 1840 and 1841, take and hold real estate in trust, to be used for the benefit of either department.

Nor is a devise to the academy for such purpose void because it provides that the tuition of daughters of deceased officers, etc., who attend the academy shall be free. This does not constitute a trust, in favor of such officers' daughters, nor render them the beneficiaries, but if they attend they receive their tuition free, and if they do not, the academy still takes the property for its own use.

A trust created by will for the purpose of enforcing a forfeiture of lands devised, in case of non-compliance with a condition subsequent, is not authorized by the Revised Statutes and is void. It is the right of the heirs of the testator to claim the benefit of such forfeiture.

A bequest to trustees of personal estate to invest and reinvest, and pay over the income to an incorporated academy forever, is void under the statute of perpetuities.

*Williams* v. *Williams* (4 Seld., 524), so far as it holds the contrary, overruled.

The only power in charitable and educational corporations to hold property in perpetuity, in trust, is by virtue of their charters and the acts of 1840 and 1841.

When the invalidity of a gift to a particular purpose or trust renders substantially ineffective the other provisions of the will in reference to the same purpose, the latter must fall with the former, but whenever the purpose of the testator can be carried into effect as to a valid provision, the invalidity of others will not affect it.

(Argued Dec. 6, 1870, and decided Jan. 24, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court in the fifth judicial district, affirming a judgment entered at the Lewis County Special Term declaring void certain portions of the last will and testament of Hannah Bostwick, deceased.

This action was brought by the plaintiffs' surviving executors of the will of Hannah Bostwick, late of Lowville, N. Y., deceased, to obtain a construction of certain provisions thereof.

Hannah Bostwick died September 13, 1866, leaving a will and two codicils. The only provisions of the will in controversy in this action are the 17th, 18th and 20th items.

By the third subdivision of the seventeenth item, the trustees named in the will are directed to convey the house and lot occupied by her in Lowville, Lewis county, N. Y., containing about three acres of land, to the President of the board of trustees of Lowville Academy, for the uses and purposes, and with the restrictions and reservations therein set forth, viz., that the president, etc., and the board of trustees of Lowville Academy, on receiving said deed, proceed to establish a female department of the academy, where females shall be separately taught. It was also directed that the deed contain a condition that all buildings erected on said premises should be in rear of the dwelling-house thereon, that the trees and shrubbery should not be cut, etc., and that said premises should forever be kept and devoted to the uses and purposes of a female department of Lowville Academy, and that the daughters of officers, soldiers and marines or seamen who have been killed, or have died while in the service of the United States in the late war, together with girls and young ladies in needy and indigent circumstances, attending said Lowville Academy, should receive their tuition free.

By the fourth subdivision, the executors were authorized, empowered and required to sell and dispose of all the rest and residue of her real estate, and securely and safely invest the proceeds and the residue of her personal estate in bonds and mortgages or otherwise, and pay over to the President, etc., and to the board of trustees of Lowville Academy forever the annual income thereof, to be devoted by them to the care and preservation of the grounds, etc., and to the support and maintenance of such female department.

The eighteenth item directs that at the decease of her executors, an application be made to the Supreme Court for the appointment of not to exceed three trustees to execute the trusts contained in her will.

The nineteenth item directs, if any legatee of said will shall take any steps to prevent the operation thereof, that he shall forfeit the legacy given him thereby.

The twentieth item provides that, in case the president and board of trustees of Lowville Academy fail at any time to comply with the conditions and reservations of the will, then the conveyance to them should be void, and directs the executors to devote the avails of the real estate together with all the rest of her estate, to such charitable and educational objects and purposes as to them might seem proper and just.

The defendants other than the Lowville Academy, were the collateral relatives and heirs-at-law of the testatrix, brothers and the children of deceased brothers and sisters.

The cause came on to be heard at the Lewis county Special Term, May 20th, 1868, before Justice MORGAN, who decided the trust clause of the will to be invalid, and judgment was thereupon entered; from which judgment the plaintiffs and the defendant, the trustees of Lowville Academy, appealed to the General Term, where the judgment of the Special Term was affirmed, and from such judgment of affirmance an appeal was taken by the same parties to this court.

*D. Pratt*, of counsel for executors and trustees of Lowville Academy, that trusts of personal property are not within the statute of uses and trusts. (*Bucklin* v. *Bucklin*, 1 Keyes, 141; *Kane* v. *Gott*, 24 Wend., 641, 660; *King* v. *Merchants' Exchange*, 1 Seld., 547; *Downing* v. *Marshall*, 23 N. Y., 366.) That the bequest over in twentieth item, in case of failure to comply with condition, was void. (*Bascom* v. *Albertson*, 34 N. Y., 585; *Owens* v. *Missionary Society*, 4 Kern., 380; *Levy* v. *Levy*, 33 N. Y., 97.) That illegality of a part of a devise does not affect the residue. (*Kane* v. *Gott*, *supra;* *Darling* v. *Rogers*, 22 Wend., 483; *Williams* v. *Williams*, 4 Seld., 525; *Downing* v. *Marshall, supra.*) Where the entire interest is vested there can be no suspension of alienation. (Reviser's notes, 5 R. S., Edmonds ed., 307; *Kane* v. *Gott, supra;* Lewis on Perpetuities, 164; Sanders on Uses, 196; *Hillyard* v. *Miller*, 10 Penn. R., 334; *Philadelphia* v. *Girard's H'rs.*, 45 id., 26; *Levy* v. *Levy*,

*supra; Williams* v. *Williams, supra.*) That the testatrix
had a right to limit her bounty to a part of the objects to
which the general fund of the corporation may be appro-
priated. (*The Matter of How.*, 1 Paige, 214; *Williams* v.
*Williams, supra; Bascom* v. *Albertson, supra; Theological
Seminary* v. *Kellogg*, 16 N. Y., 83–89; Laws of 1840, chap.
318.)

*Edward A. Brown and James F. Starbuck* of counsel
for Alvin Perry and wife and other respondents, that the
statute of "uses and trusts" prohibits trust sought to be
created by the seventeenth item of the will. (1 R. S.,
729, § 45; *Voorhees* v. *Presbyterian Church*, 17 Barb., 103
HAND, J., and cases on page 105; *Ayres* v. *Meth. Church*, 3
Sandford S. C. R., 351, DUER, J.; *Bascom* v. *Albertson*, 34
N. Y., 584.) No corporation can take by will unless expressly
authorized by statute. (2 R. S., 57, § 3, 3 R. S., 138, § 3,5th ed.;
2 Statutes at Large, 58, § 3; *Theological Sem. of Auburn* v.
*Childs and Stebbins*, 4 Paige, 422; 3 Sandford Sup. Ct. R., 351;
*King* v. *Rundle*, 15 Barb., 139.) That the provisions of the
will suspend the absolute power of alienation. (1 R. S., 773,
§ 1; 3 R. S., 75, § 1, 5th ed.; 1 N. Y. Statutes at Large,
727, § 1, and note; 2 Edw. Ch. R., 495–6, 561; *Yates* v. *Yates*,
9 Barb., 324, approved 34 N. Y., 584; 1 R. S., 723, §§ 14,
15; 1 N. Y. Stat. at Large, 672, §§ 14, 15, and notes; *Bas-
com* v. *Albertson, supra*, head note at bottom of page 584 and
top of 585, and cases cited by PORTER, J.) That the bequest
of personal property being illegal, the plan of the testator
failed, and the devise of real estate will not be carried into
effect. (*Harris* v. *Clark*, 7 N. Y., 242; *Levy* v. *Levy*, 33
N. Y., 97, 136, 137; *Beekman* v. *Bonsor*, 23 N. Y., 229, 315,
316.) That the attempt to tie up the estate forever in the
hands of mere trustees was void. (*Vide* cases cited before,
and especially *Yates* v. *Yates*, 9 Barb., 324; *King* v. *Rundle*,
15 Barb., 139–151; 34 N. Y., 584, 598, 614, 615, 616, etc.;
*Phelps* v. *Pond*, 23 N. Y., 69, etc.; *Vail* v. *Vail*, 7 Barb.,
226.) Such trust is void by statute. (*Voorhees* v. *Presb.*

*Church*, 17 Barb., 103; *Ayres* v. *Meth. Church*, 3 Sand. S. C. R., 351.) *Mr. Starbuck* also urged that the daughters of officers, etc., were beneficiaries and too uncertain, citing *Levy* v. *Levy* and other authorities.

*Cornelius E. Stephens*, of counsel for the defendants, Curtis Perry and wife and George Gates and wife, that the trusts are in violation of the statute of "uses and trusts," citing many cases cited before. That the female students to be educated are the real beneficiaries. (*Levy* v. *Levy*, 33 N. Y., 97.) No discretion to reject applicants is given to the trustees of the academy. (*Levy* v. *Levy, supra.*)

GROVER, J. This action was instituted to determine the construction and validity of various clauses of the will of Mrs. Hannah Bostwick. The questions arise upon the seventeenth clause, with its various subdivisions, and upon the clause numbered twentieth. No time need be devoted to a consideration of the latter clause, as it is agreed by all the parties, and is entirely manifest that the dispositions attempted by this clause are void upon two grounds: First, such dispositions involve an unlawful perpetuity, and second, the beneficiaries in whose behalf such dispositions are directed are too vague and uncertain. The real questions arise upon the seventeenth clause and its subdivisions. By this clause, the testator gives all the residue of her estate, real and personal, to her executors upon certain trusts expressed in the various subdivisions thereof, upon which various questions arise, which have been very thoroughly and ably discussed by the counsel for the respective parties. As these questions are different in respect to the personal property including the proceeds of the real estate directed to be sold by the executors, and added to and invested with the personal, and that portion of the real estate which the executors are directed to convey, subject to certain conditions to the Lowville Academy, it will be necessary to consider the validity of each separately. It will facilitate the disposition of the case by first considering the ques-

tions in respect to the latter; for should the disposition of this to the academy for any reason be held void, such determination will dispose of all the questions, as it is manifest that a failure of title of the academy to this real estate, pursuant to the will, will so far defeat the entire scheme of the testatrix as to render the trusts upon which the residue of the estate was given to the executors, if otherwise valid, entirely nugatory. (*Levy* v. *Levy*, 33 N. Y., 37.) By the third subdivision of the seventeenth clause, the testatrix directed her executors to execute and deliver to the president of the board of trustees of the Lowville Academy, and the board of trustees of said Lowville Academy, and their successors in office, a proper deed of conveyance of the house and lot then owned and occupied by her, situate in the village of Lowville, Lewis county, and comprising about three acres of land for the uses and purposes, and with the restrictions and reservations therein set forth. Then follows the purpose for which the land was to be used, viz.: That the president and board of trustees of the academy, shall, after receiving such conveyance, proceed immediately to establish a female department of the academy, which shall not be sectarian, at and in the dwelling-house then occupied by the testatrix on the premises, at which the female scholars attending the academy should be educated separate and apart from the male scholars. The Lowville academy was incorporated as such for the promotion of literature by the regents of the university, in 1808. The case shows that scholars of both sexes have been taught in the academy nearly ever since, sometimes having separate teachers for the female students, but attending recitations together. It is insisted by the counsel for the respondents, that the charter confers no power upon the academy to establish a separate department for the education of females, and that the academy cannot therefore take title for this purpose. If right in the premises, the conclusion is correct, as the academy cannot take title to land charged with a trust which it has no power to execute. But I am unable to see any reason why the trustees may not,

under the charter, establish a separate department for the purpose of educating female scholars. The charter clearly authorizes the corporation to provide for the education of both sexes. The mode and manner of doing this, whether in the same apartments, or different apartments of the same building, or in separate buildings, is placed in the discretion of the trustees. Whether a separate department will be more or less expensive, or for other reasons inexpedient, is a question for the determination of the board. It is not important to inquire whether the corporation was authorized by the Revised Statutes to take and hold this land upon the trusts specified, as the acts of 1840, and 1841 (Laws of 1840, 267, 1841, 245) clearly confer this power upon it. The academy is a literary incorporated institution within the meaning of section 1 of the act of 1840. One of the purposes comprehended in the general objects of its charter is giving literary instruction to female students. This is, therefore, one of the specific purposes specified in section 1, for which the corporation is authorized by section 2, to receive property by grant, etc., in trust therefor. By the act amending this act (Laws of 1841, *supra*), the capacity of the corporation was enlarged, so as to enable it to take property upon the like trusts by devise. A devise of the real estate in question to the Lowville Academy in trust for the establishment of a separate department for the education of female students was valid, provided the corporation chose to accept it for that purpose. In this view, it was clearly competent for the trustees to accept the devise of this specific real estate, and fit it up for the purpose, and in the manner specified in the will of the testatrix.

It is further insisted by the counsel for the respondent, that this devise is void by reason of the clause, that the daughters of officers, soldiers, etc., who have been killed, or died while in the service of the United States during the war with the rebellious southern States, together with girls and young ladies in needy and indigent circumstances, attending said Lowville Academy, shall receive their tuition free and

without charge for all studies pursued at the academy. It is insisted first, that the academy has no power to furnish tuition free to any student. The answer to this is, that the terms upon which students may receive instruction at the academy, are within the control of, and to be determined by the trustees. That the board may fix, and establish such rates therefor as a whole, or for any particular study as shall be in their judgment for the best interests of the institution, and may in their discretion, remit to any particular student, or class of students, the whole, or any part of these charges. This is within the power of all the colleges and academies of the State having charters like the one in question. It follows, that the clause under consideration is no impediment to the taking of title by the corporation. It is further insisted, that the clause in question makes the devise void upon the ground, that the beneficiaries are uncertain, and cannot with certainty be ascertained. This position is based upon the idea that the daughters of the officers, etc., are the beneficiaries of the trust. This is not the correct view, these persons, although some may be remotely benefited by receiving gratuitous instruction in case any of the class shall attend the academy are not the beneficiaries. The academy is to take and hold the title for its own purposes, that is, for the promotion of literary education, and is entitled so to hold and use the property, although not one of the class for whom gratuitous instruction was designed shall ever apply for, or receive admission to the academy. It is not important now, to determine whether the clauses requiring the academy, in case further buildings shall be erected, to place them in the rear of the existing house, to keep the shrubbery in its then condition and the like are valid, or whether they are void on the ground of repugnancy to the estate devised, as these are plainly conditions subsequent, and it will be the proper time to determine them when a forfeiture is claimed on account of a breach. By the devise in question, the executors are directed to convey to the trustees of the academy the land upon the trust and subject to the restrictions, etc.,

therein expressed. They take no right of possession or any interest in the rents and profits. These are to vest in the corporation at once. Section 491 (R. S., 728) provides that every disposition of lands, whether by deed or devise, hereafter made, shall be directly to the person in whom the right to possession and profits shall be intended to be invested, and not to any other, to the use of or in trust for such person; and if made to one or more persons, to the use of or in trust for another, no estate, legal or equitable, shall vest in the trustee. Section 47 provides that in such cases the person entitled to the actual possession of the land and to the receipt of the rents and profits thereof, either in law or equity, shall be deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions as his beneficial interest. The effect of these rulings upon the devise in question was to preclude the executors from taking any estate in the land and to vest the same subject to any valid trust and condition attached thereto in the corporation. The trust attempted to be created and vested in the executors by the twentieth clause of the will, so far as the real estate in question is concerned, is void. That trust was to enforce a forfeiture against the corporation in case of non-compliance with the conditions subsequent. No such trust is authorized by statute. Section 45 (1 R. S., 727) abolishes all uses and trusts except those authorized by article 2, section 55, of the article enumerating the purposes for which trusts are authorized. In this there is nothing giving any color to the idea that a trust may be created for the purpose of enforcing a forfeiture in case of the future breach of conditions subsequent. The right to enforce such forfeiture in the present case, should one be incurred, descended to the heirs of the testator upon her death. That the title vested in the corporation under the will, in case of its election, to accept the same upon the conditions specified, is, I think, clear unless defeated in consequence of the failure of the trusts as to the residue of the property being held so far to defeat the entire scheme of the

testators as to render such title in the corporation nugatory.
This question will be considered hereafter.

This brings us to the questions arising upon the provisions of
the will as to the residue of the property, as before remarked.
All of this will be regarded as personal property, the will hav-
ing directed a sale of the real estate and the proceeds to be
invested upon the like trusts as the personal property. It will
be seen that I should have found no difficulty in sustaining
the bequest of this residue had it been made directly to the cor-
poration, or if capable of being so construed as to vest the
title of the corpus in the corporation, subject to the trusts and
conditions specified. The first inquiry is, therefore, whether
under the provisions of the will the title does so vest. After
giving this property to the executors, the will proceeds to
require them, as soon as may be, securely and safely to invest
the same upon bond and mortgage or otherwise as to them
may seem safe and best, and to pay the income thereof to the
board of trustees of the academy, forever to be by them
expended for the like purposes in substance for which the
real estate was given to the corporation. The will further
provides for the appointment of three trustees by the Supreme
Court to administer the trust upon the decease of the execu-
tors. It will thus be seen that there is an attempt made to
create a perpetual trust in favor of the Lowville Academy,
and the inquiry is, first, whether the provision, if valid
vests the title of the property in the trustees, and in
case it does so vest the title, whether the trust is valid. It
will be seen that the will, in addition to giving the property
expressly to the trustees, creates an active trust in them and
their successors, to invest and reinvest the same, from time
to time, in such securities as they shall deem best, so as to
produce an income, to receive the income thereof, and pay
over the same to the academy. To enable the trustees to per-
form this duty, it is essential that they have the possession
and control of the *corpus* of the fund. To secure this to
them they must have the title. It was manifestly not the
intention of the testator to give to the academy any control

over the fund or its investment, or the exercise of any discretion in regard thereto. All this is by the will carefully given to the trustees. To divest the latter of this and confer it upon the trustees of the academy, would not be the execution but the subversion of the will of the testatrix in this respect. The court has no power to do this, although by so doing one object of the testator would be made effectual, that is, the application of the fund to the promotion of education under the auspices of the academy. It must be so applied in the way directed by the testator, if at all. (*Amory* v. *Lord*, 5 Seld., 403; *Levy* v. *Levy*, 33 N. Y., 97; *Bascom* v. *Albertson*, 34 id., 584.) The necessary result is, that by the provisions of the will, if valid as to this residue, the executors and trustees take the title thereto charged with the trust of keeping the same invested and receiving the accruing income thereon, and paying the same over to the trustees of the academy, to be by them expended in the manner specified in the will, while the latter take the right only of compelling the performance of these trusts in equity. It may be well, in examining the validity of this trust, to observe, in the first instance, that it can derive no aid from the acts of 1840 and 1841, *supra*. These acts give to the corporations described therein capacity to take property granted or devised to them in trust for the purposes therein specified, but do not authorize the creation of any trusts of which such corporations shall be the beneficiaries, while others are the trustees, not warranted by the existing law, or give any validity to any such trust. To render these statutes applicable, the property must be given to the corporation upon some trust thereby authorized. In this case we have seen that the residue was not so given, but was given to the executors and a perpetual succession of trustees, provided for by the will, in trust, to invest and pay the income over to the trustees of the academy. There can be no doubt of the validity of this trust at common-law. Its validity is challenged upon the ground that it creates an unlawful perpetuity. Section 1 (1 Revised Statutes, 773), provides that the absolute ownership of personal property

shall not be suspended, by any limitation or condition what-
ever, for a longer period than during the continuance and
until the termination of not more than two lives, in being at
the date of the instrument containing such limitation or con-
dition, or if such instrument be a will, for not more than two
lives in being at the death of the testator. In the present
case the trust is not limited upon lives, or in any other way,
but is made perpetual through all time. It would appear to
be entirely clear that the trustees were not the absolute own-
ers of the property. They merely are the custodians of it,
having the exclusive right of management, but for the benefit
of another. Any attempt by them to dispose of it in violation
of or in disregard of the trust would be restrained by the
courts. And any person knowingly so receiving the whole
or any part thereof from them, would be compelled to
refund the same for the benefit of the trust. It is entirely
clear that a faithful execution of the trusts will for all
time suspend the absolute ownership of the property as the
only disposition or use permissible, must be in subordination
thereto. It was insisted by the counsel for the appellant that
the absolute ownership was not suspended, for the reason that
the legal title was vested in the trustees, and the entire
equitable title in the academy, and that the heirs of the testa-
trix, the trustees and the academy, all persons in being, having
the entire legal and equitable title could, by uniting, abso-
lutely dispose of the fund in question. This position is more
specious than sound. It is manifest that the trustees cannot
give their assent to or make any disposition of the fund not
in strict accordance with the trust without being guilty of a
breach thereof, which would be an unlawful act. That the
academy could give no such consent without a violation of
duty which they might be restrained from committing at the
instance of the attorney-general. If the trust should be
held valid, it is a little difficult to see what interest the heirs
of the testatrix have in it, or what their consent has to do
with its disposition more than that of any other persons. It
must, therefore, be held that the trust is void by reason of a

suspension of the absolute ownership of the property prohibited by statute, unless it can be for some reason exempted from its operation. The only reason for such exception urged was that adopted by this court in *Williams* v. *Williams* (4 Selden, 524). It was in that case held in substance that the statutes prohibiting perpetuities did not apply to gifts to charitable or religious corporations. With all respect for the learned judge who, for the majority of the court, gave this opinion, I am unable to concur with it. It is true that all gifts to those corporations upon trust do suspend the power of alienation of real and the absolute ownership of personal property during the continuance of the trust. Such gifts are rarely or never so limited upon lives as to make them valid within the statutes under consideration. Such gifts are valid not because they are *per se* excepted from the operation of the statutes, but for the reason that, by their charters, they are authorized so to take and hold property, and thus exempted from their operation. Unless the charters confer this exemption, these corporations can no more take and hold property in violation of these statutes than individuals.

The trust as to this residue being void, the question recurs whether this so entirely defeats the object of the testatrix as to render the devise of the house and lot useless for the purpose intended, and incapable of being applied thereto, and therefore void. It is undoubtedly true that, if the entire purpose of the testatrix of establishing a separate department for the instruction of the female scholars attending the academy is absolutely and entirely defeated by the failure of the trusts attempted to be created for that purpose, as to the residue of the property, so that it can be clearly seen that the real estate devised cannot be used by the academy as a site for such a school, the devise must be held void. (*Levy* v. *Levy*, 33 N. Y., 97.) In this case it was held that when a testator had, by his will, given a farm in Virginia in trust for the establishment thereon of an agricultural school, and this devise was void by the law of Virginia, that this rendered void all devises and bequests of other property in trust to found and support such school.

The reason is entirely obvious.  The school was directed to be established upon this particular farm devised for the purpose. The trustees had no power to establish it elsewhere.  When the title to the farm failed, the power to establish the school thereon by the trustees also failed.  There does not appear to have been any suggestion of any ability in the trustees to procure the title in any other way; it was therefore considered that the establishment of the school upon the farm had become impossiblé, and that all trusts, therefore, specified in the will for that purpose became, for this reason, void.  This reasoning has no application to the present case.  Here, the devise of the real estate for the site of the school is valid, unless avoided by the failure of the other provisions of the will designed to defray the expenses thereof.  How is it possible for the court judicially to say that sufficient means to carry on the female department may not be supplied from other sources?  Unless the court can clearly see that the trusts to defray the expenses of the school having failed, it has thereby become impossible for the academy to establish a separate department for the education of females as designed by the testatrix, the devise must be held valid.  I am unable to see any insuperable difficulty in the way of carrying into effect the design of the testatrix in establishing a separate department for female education.  The devise must therefore be held valid, and the opportunity given to the board of trustees, if they shall so elect, to establish the school upon the land in question.  The devise of this land is entirely separable from the bequest of the other property.  The only connection consists in the fact that the testatrix has attempted to devote both to the same purpose.  In her attempted application of the latter, she has violated the statute against perpetuity.  It is therefore void.  In disposing of the former, she has done so in conformity with the statutes, and her disposition should therefore stand.  It has been suggested that the testatrix would not have devised the land to the academy had she known that her bequest of the other property would have been held void.  This is mere conjecture.  It is manifest,

from the will, that she intended to devote the whole property, both real and personal, to her cherished project. In so far as her disposition violates law, it is the obvious duty of the court to adjudge it void. Where it is in conformity therewith, the duty is equally imperative to decree its execution, irrespective of any view that may be entertained respecting the wisdom of the testatrix in thus disposing of it.

The judgment appealed from must be modified by declaring the devise of the mansion house of the testatrix and grounds valid, and that the Lowville Academy acquired title thereto under said devise, subject to the trusts, etc., therein expressed, and as so modified, affirmed; the taxable costs of all the parties in this court to be paid by the executors, out of the personal estate.

All the judges concurring, except ALLEN, J., who, having been counsel in the case, did not sit.

Judgment ordered accordingly.