This is a special proceeding instituted by the mayor, aldermen and commonalty of the city of New York, to compel the executors and trustees named in the petition of Samuel Wood, deceased, to account ánd judicially settle their accounts. The petitioners claim to be “a person interested in the estate or fund ” (Code, § 2726), and as such, entitled to the order prayed for.
Subdivision 11 of § 2511 of the Code defines the meaning of this phrase as follows: “ Every person entitled, either absolutely or contingently, to share in the estate or proceeds thereof, or in the fund, as husband, wife, legatee, next of kin
*723 heir, devisee, assignee, grantee, or otherwise, except as creditor.’’ This section also provides that “an allegation of his interest duly verified suffices, although his interest is disputed, unless he has been' excluded by a judgment, decree or other final determination, and no appeal therefrom is pending.”
Are the petitioners “a person interested” in the estate of the decedent, and, therefore, entitled to an order requiring respondents as executors and trustees to account? I do not think they are, independent of the fact which is admitted that a judgment has been obtained and entered, said to exclude them, and from which no appeal is pending. The recovery of this judgment, and no appeal therefrom would be conclusive against the right of the petitioners to compel the account if they were parties to the action, because the trust set out in the seventh paragraph of the will is void, the property of decedent can never come to the custody of the petitioners, and, therefore, they can have no interest in it; they would then be but strangers to the estate.
I have not been furnished with the answer, and I must assume the existence of this judgment from the allegations of the petition and admissions of counsel for the petitioners on the argument. Although the petition alleges, on information and belief, that the action in which the judgment was. obtained was collusive, etc., it cannot be impeached collaterally; and, moreover, the petitioners have not disclosed any facts tending to show collusion. It is, no doubt, true that the petitioners were not parties to that action, and cannot, therefore, be deprived by a judgment therein of their day in court. The statute is, “unless he (petitioner) has been excluded by a judgment,” etc., so that, if we had to deal simply with the effect of this judgment upon the petitioners’ rights in the premises, I should hold that they were not affected by it.
But an insuperable obstacle in the way of their right to maintain this proceeding exists. This brings me to the fundamental question, viz: Is the trust provided for in the seventh paragraph of this will, and the attempted modification thereof in the codicil, valid? I am of opinion that it is not.
It is urged by petitioner’s counsel, in an able brief, that this application is addressed largely to the discretion of the surrogate and, to use his own words, “ if there is a reasonable ground to believe that the petitioner has an interest in the estate however contingent or remote, relief will not be denied merely because of possible doubts as to the petitioners’ ultimate rights to share in the distribtion.” The de *724 gree of interest to oppose probate has been judicially-declared. Matter of Greely’s Will, 15 Abb. N. S., 393.
This case construes section 2647, and it was there held that any interest, however slight, or the bare possibility of an interest, is sufficient to entitle one to oppose probate. This is undoubtedly the construction to be given the other section, 2726, under which the petitioners are moving. But the difficulty in the case at bar is that, as I regard the seventh paragraph of this will and the codicil, as relates to that paragraph, I have no discretion. My duty is plain to my mind, and my obligation under the law to dismiss the petition is imperative. So reads the statute against perpetuities and numerous cases in the court of appeals and in other subordinate courts, defining and deciding the meaning and effect of that statute.
In this proceeding, I should greatly favor any course of reasoning which might lead me to a different decision. This large estate has been in the charge and custody of these respondents as executors and trustees many years, and apparently they have not regarded themselves as under any obligation to give an account of their stewardship. I think they have been remiss in the performance of a public duty, plainly imposed upon them. There must be some legal mode of compelling them to discharge that duty and, unless they shall move in that direction within a reasonable time, as their counsel intimated on the argument they are about to do, I shall deem it my duty to cite them to' account on my own motion, if I have that power.
One of the respondents, Mr. Schenck, was dropped by the testator from the fist of executors by the codicil which has been admitted to probate. I do not perceive how he can lawfully act as an executor since the decree admitting the codicil to probate. If I am right in this suggestion, the petitioners must fail against him as executor for that reason alone.
I have given much attention to the arguments of counsel in this proceeding, and I have deliberated longer than the pressing duties of my office can fairly justify. My decision has been reached without difficulty, however, as I find many authorities establishing and re-establishing the illegality of this trust. I shall not attempt to cite them all, nor any considerable number of them; it will be sufficient, I believe, to call attention to one or two of the early and latest, adjudications by our court of last resort. Adams v. Perry, 43 N. Y., 487; Garvey, ex’r v. McDevitt, 72 id., 556; Matter of the Will of O’Hara, 95 id., 417; Prichard v. Thompson, 95 id., 76; Schettler v. Smith, 41 id., 334; Levy v. Levy, 33 id., 99; Bascom v. Albertson, 34 id., 598.
Holding the above views upon the main question in *725 volved in this proceeding, it is not necessary that I should decide the other questions raised by the respondents.
The motion is denied, the petition dismissed and the restraining order vacated.