---

### In re GRIFFIN'S WILL.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

**1. CORPORATIONS—CONSOLIDATION—FINDINGS.**

The Round Lake Association, incorporated for the promotion of education, owned buildings suitable for educational purposes; and the regents of the university granted a charter to the Round Lake Summer Institute, pursuant to the application of the trustees of the association, and constituted the trustees of the latter the trustees of the institute. The association thereupon leased its buildings to the institute for a period of 99 years, and the latter carried on the educational work theretofore carried on by the former. *Held*, that refusal to find that the association carried on its projects through the agency of the institute, but that each is the master of its own corporate functions, was not erroneous.

**2. WILLS—TRUSTS—VALIDITY—PERPETUITIES.**

Under 1 Rev. St. p. 723, § 15, providing that any transfer of property which suspends the power of alienation or the absolute ownership of personal property for a greater period than two lives in being at the date of the transfer shall be absolutely void, a bequest to a corporation in trust for another corporation, with directions that the trustee shall invest, and apply the income to the support and maintenance of the cestui que trust, a corporation organized for educational purposes, is void, as a perpetuity, where neither the charter of the trustee authorizes it to act as such, nor that of the cestui que trust authorizes it to take.

Appeal from surrogate's court, Albany county.

Proceeding for the construction of the will of William Griffin, deceased. From a decree of the surrogate declaring certain provisions of the will void, the executors and the Round Lake Association appeal. Affirmed.

The testator died March 26, 1898. By his will he directed his executors to convert his real estate into personal, for the purposes of distribution, and, after sundry bequests, provided: "Eighth. Upon the death of my said wife, I give and bequeath, grant and devise, to the Round Lake Association, heretofore known as the Round Lake Camp-Meeting Association of the Methodist Episcopal Church of the Troy Conference, all the rest, residue, and remainder of my estate, real and personal, subject, however, to the estate for life of my sister-in-law, Caroline Garnsey, in my said summer house, grounds, furniture, and appointments, and in my said dwelling house in West Troy; the amount so hereby given to said association to be prudently invested by it, and the income and profits arising therefrom to be devoted and applied by said association to the support and maintenance of the school at said Round Lake known as the Round Lake Summer Institute." The Round Lake Association was incorporated by chapter 617 of the Laws of 1868, which provides that it may take and hold real and personal estate by gift, grant, and devise. No specific object or purpose of the incorporation is stated in the act, but it was authorized to adopt a constitution not inconsistent with the constitution and laws of the state. It adopted a constitution, the second article of which provides that "The object of this association shall be the maintenance of a Christian summer home, and

the promotion of education, morality, and religion." The president of the asso-
ciation is, by the second section of the fifth article of the constitution, author-
ized to "award the diplomas of all the graduates of the academy, the as-
sembly, and the summer schools." The association owns 200 acres of land
on the shore of Round Lake, Saratoga county, laid out in an attractive man-
ner, upon which are about 300 cottages and other erections. The surrogate
found that one of the objects of the corporation is the promotion of education.
Before the incorporation of the Round Lake Summer Institute, the association
organized and conducted summer schools upon its grounds, in buildings suit-
able for the purpose. The trustees of the association, with the view to carry-
ing on the educational work of the association through the agency of the insti-
tute, made an application to the regents of the university for a charter for
educational work, with the result that in 1889 a charter was obtained for the
Round Lake Summer Institute, as an academy, conditioned upon its acquiring
within two years suitable buildings and equipment, of the value of $50,000,
and that the buildings should be solely used for public academic instruction.
In 1890 the regents granted an absolute academic charter. The persons who
were trustees of the association were named trustees in the provisional charter
of the institute, and the trustees of the one have also been the trustees of the
other ever since. Before the incorporation of the institute the association had
five buildings for educational purposes upon its grounds, of a value exceeding
$50,000. Soon after the provisional charter was granted to the institute, the
association leased these buildings and the land occupied by them to the institute
for 99 years, in consideration of $1. The educational work which had pre-
viously been conducted by the association has since been continued in these
buildings; the association receiving the income and defraying the expense
thereof, without regard to the question of the sufficiency of the income accru-
ing from the institute to meet its expenses. No separate account has been
kept by the institute. The surrogate refused to find that "the Round Lake
Association did carry on its educational projects through the agency of the
Round Lake Summer Institute." The surrogate decided that the eighth provi-
sion of the will is void and of no effect, assigning as grounds thereof that it vio-
lated the statutes of the state against perpetuities, and unduly suspended the
absolute ownership of the personal property intended to be bequeathed, and the
alienation thereof.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Lansing & Holmes, for appellant executors.
Ward & Cameron, for appellant Round Lake Ass'n.
Weeds, Smith & Conway, Peter A. Delaney, Edward O'Connor,
Carrol Whittaker, Frost, Daring & Wager, and R. S. Cooper, for
various respondents.

LANDON, J. If we were permitted to determine the corporate
capacity of the Round Lake Association to take and administer the
bequest as trustee, and of the Round Lake Summer Institute to be-
come the cestui que trust of the bequest, from the actual relations
existing between the two corporations, instead of from the act in-
corporating the association and the charter incorporating the insti-
tute, and from the statutes authorizing bequests and limiting estates,
we might hold that the institute is the educational department of
the association, and that this bequest to the association, to invest
the fund, and to apply the income to the support of the institute, in
aid of its chartered purposes, is a direct benefit to the association,
and thus could uphold it. Chamberlain v. Chamberlain, 43 N. Y. 424;
Wetmore v. Parker, 52 N. Y. 450; Sheldon v. Chappell, 47 Hun, 59;
In re Isbell's Estate, 1 App. Div. 158, 37 N. Y. Supp. 919. It is true

that the object of the trustees of the association in promoting the incorporation of the institute, soliciting its charter, and endowing it, was to create a convenient instrumentality which would either assist it in its educational work, or relieve it from it. Nevertheless, on the face of their respective charters they are separate corporations; neither charter in any way indicating as among its objects the assistance of the other or relation to it. The refusal of the surrogate to find that the Round Lake Association carried on its educational projects through the agency of the Round Lake Summer Institute should be construed as a finding that one is not, in a legal sense, the agent or department of the other, but that each is the separate master of its own corporate functions. The one may be the patron of the other, but neither is part of the other. So construed, the refusal is not erroneous. As the corpus of the bequest is given to the association to invest and apply the income to the institute, the former is the trustee of the latter. Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585. As both are corporations, the capacity of the one to act as trustee and of the other as beneficiary of the fund depends upon their charters, which indicate their objects, and the statutes applicable to such corporations; and, in the absence of enabling power in such statutes, then upon the general statutes which define estates, and how they may be acquired and held. To pass beyond these well-defined limits, and attempt to ascertain from their practical operations the power and capacity of corporations to act as trustees and to take and hold estates, would make the policy of the state dependent upon a rule as varying as the practical operations of the various corporations. If this bequest had been directly to the Round Lake Summer Institute, in trust to invest the same and apply the income to the support and maintenance of its school, it would have been valid. It is a literary or academic corporation, and such bequests upon such trusts are authorized to such corporations. Laws 1840, c. 318; Laws 1841, c. 261; Adams v. Perry, 43 N. Y. 487; In re Wesley (Sup.) 17 N. Y. Supp. 304, affirmed in 136 N. Y. 658, 32 N. E. 1014. The provisions of the Revised Statutes against perpetuities and the suspension of the power of alienation would not apply, since the acts cited make an exception in favor of such corporations when the devise or bequest is direct and absolute. Wetmore v. Parker, 52 N. Y. 450. The bequest to an educational, charitable, or religious corporation in trust for the promotion of some one of its chartered purposes is not a trust, in a legal sense. A party cannot be trustee for himself. It is a benefaction given in confidence that the beneficiary will observe the benefactor's expressed wishes respecting it; and the beneficiary, by accepting it, agrees to do so. Bird v. Merklee, 144 N. Y. 544, 39 N. E. 645, 27 L. R. A. 423. But where the devise or bequest to a literary, charitable, or religious corporation is not direct and absolute to it for its own benefit, but is for the use and benefit of another corporation, then, since a corporation has no powers except such as are expressly conferred upon it, or result by implication, as the incidents of the conferred powers, the power to act as trustee must be found in its charter, or in the laws applicable to such charter or corporation; and the beneficiary must in like manner find its power to take the

income from the hand of such trustee. We may concede that if the trust were valid, and the trustee incompetent, another trustee could be appointed. Holmes v. Mead, 52 N. Y. 332, 339. This bequest is unlike the devise which was upheld in Adams v. Perry, supra, in which the testator gave a house and lot to trustees named in the will, to convey to the Lowville Academy, with directions to use the same in establishing a female department. As the trustees had no duties except to convey the property, and as, under the statute, in such case no conveyance was necessary, the court held that the Lowville Academy was the direct devisee, and establishing the female department was within the chartered powers of the academy. The acts of 1840 and 1841 permitted the testator to make the devise, and the academy to receive it. But the case before us is like the bequest in Adams v. Perry, in the same will, of other property to the same trustees, to invest and apply to the academy, to be devoted by the latter to the care of its grounds and the support of its female department. The court held the latter provision void, and remarked:

"These acts of 1840 and 1841 give to the corporations therein described capacity to take property granted or devised to them in trust for the purposes therein specified, but do not authorize the creation of any trusts of which such corporations shall be beneficiaries while others are the trustees, not warranted by the existing law, or give any validity to any such trust. To render these statutes applicable, the property must be given to the corporation upon some trust thereby authorized."

The trust to the association for the benefit of the institute does not come within the acts cited, but does come within the Revised Statutes, and is void because it creates an unlawful perpetuity. It is not limited upon lives of human beings, but upon the unlimited lives of the corporations, and may last forever. In Chamberlain v. Chamberlain, 43 N. Y. 424, a bequest of personal property to the Centenary Fund Society of the Erie Annual Conference of the Methodist Episcopal Church, in trust to apply the income for the benefit of Allegany College for such specific purposes as the Centenary Fund Society should direct, was upheld under the chartered powers of the two corporations. Both were Pennsylvania corporations, and the court found that under the laws of that state the one was authorized by the terms of its charter to take as trustee, and the other to take as beneficiary, pursuant to the terms of the bequest. So far as the case is an authority, it is in support of the unquestioned rule that the terms of the charter of each must be compared with the laws of the state of its creation, to ascertain whether such a bequest is authorized. Sheldon v. Chappell, 47 Hun, 59, is to the same effect. But it was there held that a corporation could act as trustee for a fund in which it had an interest. The beneficiary was incorporated to aid one of the chartered objects of the trustee. While this did not enlarge the powers of the trustee, it created a new agency through which it could exercise its powers, and thus enabled the trustee to take the bequest to promote its own objects through an agent especially empowered by the letter of its creation to promote them. Moreover, the trustee was to apply the fund, not to invest it and apply the income. And thus the power of alienation was not suspended. The charter of the association does not authorize it to act as trustee for the insti-

tute. It does not authorize the institute to accept bequests, except directly to itself. There is no implication that the chartered purpose of the former is to care for the latter, or that the latter is to depend upon the bounty of the former.

The decree of the surrogate must be affirmed, with one bill of costs to the respondents, payable out of the estate. All concur.