THOMAS L. READ et al., Respondents, v. GEORGE G. WIL-
LIAMS et al., as Executors, etc., Appellants.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Will. Trust.*—The next of kin have always the right to file a bill to
enforce a trust as to personalty in their favor, even though the asser-
tion of their rights may conflict with some invalid provisions of the
will.
2. *Same. Void.*—The absence of a defined beneficiary capable of enforcing
its provisions, is fatal to a testamentary trust or power in trust.

The judgment in this case was reversed, on the appeal
of the infant defendant, Haddock, so far as it adjudges an
equitable conversion, and in the other respects it was affirmed
in 125 N. Y. 560.

Appeal from judgment entered after trial at special term.

The judgment adjudged certain provisions of the will of
Catharine M. McCoskry, deceased, invalid ; that she died
intestate as to property mentioned ; that such property was
all personalty and that her next of kin are entitled thereto.

By the third paragraph of the will testatrix gave to her
executors $30,000 to be invested and the income paid to
certain charitable institutions, naming them, but in case it
should be necessary to remove the monument and remains
in her burial lot, the said fund or income, or so much as
necessary, should be appropriated to the purchase of a plot
of ground in Greenwood cemetery. By the second clause of
the codicil she revóked the bequest of income to said chari-
table institutions and directed that the income not required
for the purposes of the cemetery plots be used and applied
by the executors, " so far as may be lawful, for any purpose
or purposes for which they may see fit to apply the same."

By the eleventh clause of the will she gave the residue of the estate " to such charitable institutions and in such proportions as my said executors, by and with the advice of my friend, the Rev. John Hall, D. D., shall choose and designate."

The foregoing clauses were held invalid.

By the seventh clause of the will the executors were authorized and directed to sell and convert into cash all the real estate within one or two years as seemed best in their judgment for the purpose of paying the bequests and carrying out the provisions of the will.

*Daniels G. Rollins*, for executors, appellants.

*William Irwin*, for defendant Hall, appellant.

*John E. Parsons*, for defendant and appellant, the Board of Home Missions of the Presbyterian Church.

*Hoppin & Talbot*, for defendant and appellant, the Woman's Hospital.

*Fordham Morris*, for defendant and appellant, New York House and School of Industry.

*J. E. Miller*, for defendant and appellant, Haddock.

*L. E. Swanston*, guardian *ad litem* for infant defendant and appellant Kalhame V. W. Haddock.

*Charles A. Jackson*, for respondents.

VAN BRUNT, P. J.—It seems to be clear that the direction to sell the real estate and convert the same into money worked an equitable conversion of the realty into personalty at the testatrix' death. The direction to sell was not for the purpose simply of distribution under the residuary clause contained in the second codicil of the will, which clause is

now assailed. Such conversion was necessary for the carrying into effect the previous provisions of the will which are valid and as to which no question is made.

The point, therefore, does not arise in the case of a will in which the direction to convert was manifestly given to carry into effect the clause which is claimed to be invalid.

It having been held in Wager *v.* Wager, 89 N. Y. 161, and in Horton *v.* Cantwell, 108 Id. 255 ; that as to personalty an executor is always a trustee of the persons entitled to such personalty, the next of kin of a testator have always the right to file their bill to enforce the trust in their favor, even if the assertion of their rights may conflict with some of the terms of the will under which the executors qualified, if such provisions are invalid. The trust exists ; the object of the bill is to ascertain the persons entitled by law to benefit by the trust.

In the case last cited, the plaintiff was denied the right to file a bill because she never could be entitled to any share of the testatrix' personal estate.

In determining whether the residuary clause in question is valid or not, it does not seem necessary to enter upon any long discussion.

If the clause is to be deemed as creating a trust, it is clearly invalid under the principles laid down in the case of Holland *v.* Alcock, 108 N. Y. 312.

In that case it was held that the absence of a defined beneficiary, entitled to enforce its execution, is, as a general rule, a fatal objection to the validity of a testamentary trust, and the fact that the trustee is competent and willing to execute the trust does not validate it; the validity or invalidity of a trust cannot depend upon the will of a trustee.

In the case at bar no beneficiary is named, and, therefore, there is no one entitled to enforce the execution of the trust.

But it is claimed that the bequest is valid as a power.

It is conceded that the power contained in the clause in question comes under the head of "special powers in trust," as defined in the Revised Statutes, but it is said such a power is to be clearly distinguished from a trust; that the words "in trust" are used for purposes of classification only. We think, however, that the words "in trust" were used by the revisers advisedly, and that an examination of the sections of the Revised Statutes relating to powers in trust shows that, in order to render a power in trust valid, the same certainty as to beneficiary must exist as in the case of a trust.

The statutes provide:

"Section 96. Every trust power, unless its execution or non-execution is made expressly to depend upon the will of the grantee, is imperative, and imposes a duty on the grantee, the performance of which may be compelled in equity for the benefit of the parties interested."

The trust power in question, not expressly stating that its execution or non-execution shall depend upon the will of the grantee, is imperative; the performance of which, if it is a valid power, may be compelled in equity for the benefit of the parties interested.

Therefore the person or class of persons, to whom the disposition of the estate by the power is limited, must be so well defined that they can enforce the performance of the power in trust unless its execution or non-execution is made expressly to depend upon the will of the grantee. In the case at bar we have seen that the trust power is imperative, and we have also seen that no person or class of persons have been named who can enforce its execution. Consequently the trust power is void as not complying with the statute. If there was any doubt about this proposition it seems to be set at rest by the subsequent provisions of the statute, all of which assume that the beneficiaries of the power are sufficiently well defined as to be capable of enforcing the execution of the power.

Section 97 provides that a trust power does not cease to

be imperative because the grantee of the power has a right to select some and exclude others of the persons designated as the objects of *the trust.* Here the statute calls it a trust.

In such a case the subject matter of the trust is said to vest in all the persons designated as the objects of the trust, subject to be divested as to some by the execution of the power. This is plainly intimated in § 100, which is as follows:

Section 100. If the trustee of a power, with the right of selection, shall die leaving the power unexecuted, its execution shall be decreed in equity for the benefit of all persons designated as objects of the trust.

The trustee of the power who had the right of selection, in whose judgment the grantor of the power depended having died, there being no person to exercise the discretion which the grantor of the power intended, the estate remains vested in all the persons designated as objects of the trust.

The necessity of definiteness in the designation of the persons or class of persons designated as objects of the trust, is also shown by § 101, which is as follows:

Section 101. Where a power in trust is created by will, and the testator has omitted to designate by whom the power is to be exercised, its execution shall devolve on the court of chancery.

The object must be so well defined by the grantor of the power that the court of chancery can execute the power if the testator has omitted to designate by whom the power is to be exercised.

How could the court of chancery execute the power contained in the codicil in question? It is clearly impossible. But it is suggested that, " It would be a simple matter if made necessary by the omission of the executors to appoint, to ascertain the probable wishes of the testatrix on a reference, as from the whole context of Mrs. McCoskry's will she was evidently of a charitable disposition, and a reference would easily show what charities she was interested in, and

such would naturally be the recipients of her bounty," and we are referred to the case of Dominick *v.* Sayre, 3 Sandf. 555, as an authority for this extraordinary procedure.

An examination of this case shows that nothing of the kind was attempted. In that case the disposition authorized by the power was limited to a particular class, its object being the male descendants bearing the name of Dominick of the family of the testator and therefore could be and should be executed by a court of equity, and a reference was ordered to ascertain what male descendants there were who were entitled to participate in the execution of the power.

The court did not pretend by a reference to ascertain the wishes of the testator, whether he meant this or that male descendant, but by means of a reference attempted to ascertain the names of the persons who belonged to a well-defined class named by the testator and this was all.

There being no designated beneficiaries of the power in trust capable of compelling its enforcement, the trust, the word *trust* is used advisedly, seems to be void.

The judgment appealed from should be affirmed, with costs to the respondents and to the appellant executors and the guardians *ad litem* to be paid out of the estate.

BRADY, J., concurs; DANIELS, J., concurs in result.

## NOTE ON " DEFINED BENEFICIARY."

An intention to give to charity is not enough ; if no beneficiary is named, such intent fails. Matter of Rosa, 60 Hun, 420.

A trust in the absence of a defined beneficiary, entitled to enforce its execution, is invalid. Matter of Foley, 30 N. Y. St. Rep. 743.

The clause of will was held in this case not to be inoperative for uncertainty in respect to either trustees of beneficiary. Rushmore *v.* Rushmore, 59 Hun, 615.

A bequest for masses is valid, if the beneficiary is designated. Matter of Black, 24 N. Y. St. Rep. 341.

A certain designated beneficiary is essential to creation of valid trust. Tilden *v.* Green, 130 N. Y. 29.

The creation and bestowal of complete discretionary power to convey or not to convey, in executors, is wholly opposed and fatal to existence of an executory devise. Id.

The acts of the executors under the will do not affect the nature of its provisions. Id.

To render a power in trust valid, the same certainty as to beneficiary must exist as in the case of a trust. Id.

A provision in a will, by which the testator attempts to create a fund to be given in trust to a town in perpetuity, the income only to be used for the benefit generally of the poor of that town, and not to be confined to the class of poor which the town was under a statutory liability or duty to support, is void for want of a definite beneficiary of the trust. Fosdick v. Town of Hempstead, 125 N. Y. 581.

A gift of the residuary estate " to such charitable institutions and in such proportions as my executors, by and with the advice of my friend, Rev. John Hall, D.D., shall choose and designate," was held to be void for indefiniteness. Read v. Williams, 125 N. Y. 560.