IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF FRANKLIN A. WILLIAMS, AS EXECUTOR OF TIMOTHY D. PORTER, DECEASED.

FRANKLIN A. WILLIAMS, EXECUTOR, ETC., AND INDIVIDUALLY, APPELLANT, *v.* SECOND CONGREGATIONAL SOCIETY OF THE TOWN OF COVENTRY, RESPONDENT.

*Legacy — when it is valid — when a limitation imposing a trust upon a legacy otherwise valid will be disregarded — review of the decision of a surrogate.*

The will of Timothy D. Porter contained the following clause:
"I give and bequeath unto the Second Congregational Society of Coventry the sum of seven hundred dollars, the same to be loaned on bond and mortgage, and so kept by my executors, and the interests arising therefrom to be appro-

priated yearly to pay for the preaching of the Gospel in said Congregational Church."

Upon the final judicial settlement of the accounts of the executor the surrogate decided that the legacy was valid.

*Held,* that such decision was correct.

That the legacy was not, in substance, a gift to the executors in trust forever.

That the legacy vested absolutely in the society, and that the attempt to create a trust in the management of the funds was a limitation which would be disregarded.

The surrogate further decided that the legacy was a lien upon a certain farm. The evidence and proceedings below were not returned.

*Held,* that as it did not appear what questions were presented to the surrogate, or whether it was proper for him to pass upon other provisions of the will this court could not interfere with such decision.

APPEAL by Franklin A. Williams, executor of and a legatee under the will of Timothy D. Porter, deceased, from a decree of the surrogate of Chenango county, entered in his office on the 27th day of July, 1891, adjudging a certain legacy to be valid and declaring it to be a lien upon a farm devised by said Porter to said Williams.

*W. G. Cady,* for the appellant.

*W. F. Jenks,* for the respondent.

MERWIN, J. :

The controversy in this case is over the validity of the thirteenth clause of the will of Timothy D. Porter. That clause is as follows :

*Thirteenth.* " I give and bequeath unto the Second Congregational Society of Coventry, the sum of seven hundred dollars, the same to be loaned on bond and mortgage, and so kept by my executors ; and the interests arising therefrom to be appropriated yearly to pay for the preaching of the Gospel in said Congregational Church."

It was held by the surrogate that the legacy was valid, and that the church was entitled to receive the amount thereof.

It is not claimed by the appellant that the church has no power to take the legacy, or that the specification of the object or purpose to which the interest is to be applied defeats the legacy, but that the gift is in substance to the executors in trust in perpetuity, and is, therefore, invalid under the law as laid down in *Adams* v. *Perry* (43 N. Y., 487).

The claim of the respondent is that the legacy is given absolutely to the church and vests in it, and that the attempt to create in the

executors a trust in its management is not operative, and does not defeat the legacy.

In *Adams* v. *Perry* it was held that a bequest to trustees of personal estate to invest and reinvest, and pay over the income to an incorporated academy forever, is void under the statute of perpetuities. In that case the property was given expressly to the trustees, and provision was made for the perpetuation of the trusteeship. So that it was held that under the provisions of the will the title vested in the trustees. It was said by Judge GROVER, in delivering the opinion of the court (page 497), that he " should have found no difficulty in sustaining the bequest of the residue had it been made directly to the corporation, or if capable of being so construed as to vest the title of the corpus in the corporation, subject to the trusts and conditions specified." In *Cottman* v. *Grace* (112 N. Y., 299) the gift was directly to the trustees, and so it was in *Read* v. *Williams.* (125 N. Y., 560 ; 27 N. Y. St. Rep., 506).

These cases are unlike the present. Here there is a gift directly to the church, followed, however, by a limitation upon its management, and the question is whether such limitation can be disregarded. There are authorities which sustain such a conclusion.

In *Dorland* v. *Dorland* (2 Barb., 63) the testator gave to his wife $500, and directed his executors to put it at interest and apply the interest for her support. It was held that the widow was entitled to receive the legacy, it being said by Justice STRONG that " the gift of that sum is absolute. The direction to the executors to put the money at interest for her support does not in any manner revoke or qualify the donation. It merely relates to the investment, and, as it is inconsistent with the absolute title before given to her, it is null and void." In *Pray* v. *Hegeman* (92 N. Y., 508) it was held that an invalid direction for the accumulation of a portion of the income of the share of a life-estate man was to be regarded as stricken from the will, thus leaving the life-estate man the owner of the entire income. The same principle was applied in *Barbour* v. *De Forest* (95 N. Y., 13). An ineffectual attempt to create a trust estate in regard to a bequest does not affect the validity of the bequest, if, in other respects, it is valid. (*Everitt* v. *Everitt*, 29 N.Y., 39, 82.) In *Greene* v. *Greene* (125 N.Y., 506) there was an inhibition against a partition or division for six years and a restriction

upon the power of alienation. It was held that the invalidity of these limitations did not affect the devise, otherwise valid, it being said that invalid limitations upon the free ownership of property devised may be disregarded. Courts lean in favor of the preservation of all such valid parts of a will as can be separated from those that are invalid without defeating the general intent of the testator. (*Harrison* v. *Harrison*, 36 N. Y., 543, 548, and cases cited.)

It should be said here, as in the Greene case above referred to, that the attempted limitations upon the free ownership of the legacy may be disregarded. It follows that the surrogate did not err in holding that the church was entitled to receive the legacy.

The appellant further claims that the surrogate exceeded his jurisdiction in that, in one of his conclusions of law, he held that the legacy was a lien upon the farm devised to said Franklin A. Williams by a subsequent clause of the will. The evidence and proceedings before the surrogate upon the trial are not returned. The findings of fact and law which appear in the record before us are, according to the recitals therein, based upon " the testimony and stipulations of the parties." The petition presented by the appellant asked that the legacy be declared void, and that the petitioner be discharged and held not liable to pay the same. The court held that he was liable. Whether, in arriving at this conclusion, it was important or proper for the court to pass upon the effect of any other provision of the will, we cannot well determine without having before us the proceedings before the court at the trial. What questions were, in fact, presented to the surrogate for decision does not appear. It does not appear what personal estate, if any, was in the hands of the executor. If it was important for the appellant to raise the question that the surrogate had decided too much, he should have made a case containing the proceedings. The appellant does not claim that the legacy was not, in fact, a lien.

It follows that the decree of the Surrogate's Court should be affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concurred.

Decree of Surrogate's Court of Chenango county affirmed, with costs.