## *In re* WILLIAMS' ESTATE.

### (1 Misc. 440.)

*(Surrogate's Court, Greene County, Filed December, 1892.)*

1. WILL—STATUTE AGAINST PERPETUITIES.

A testator left his personalty to the Trustees of the New York Annual Conference of the Methodist Episcopal Church, upon trust to apply the interest annually as salary of the pastor of St. Paul's Methodist Episcopal Church at Athens, Greene County, New York, provided that if the said St. Paul's Church should erect a parsonage for its pastor it might draw upon said Trustees for the amount necessary therefor, and provided further that if the last mentioned church should become extinct, the Trustees should turn over the trust funds to the Board of Church Extension of the Methodist Episcopal Church. *Held*, that as there was no limitation upon the suspension of the absolute ownership of testator's personal property, except at the termination of the corporate existence of St. Paul's Methodist Episcopal Church, and as there was no limitation of the time for the erection of the parsonage, the will was contrary to 1 Rev. St. p. 773, sec. 1, providing that the absolute ownership of personal property should not be suspended for a longer period than two lives in being at testator's death, even although (having reference to the first provision) the Methodist Church at Athens had, before testator died, purchased a parsonage which was not free from debt, as it was the nature, not the execution, of the power that determined its validity.

2. SAME—POWERS OF CORPORATIONS.

In such case the corporate powers of the Trustees of the New York Annual Conference of the Methodist Episcopal Church did not include the right to act as trustees of the property given them and pay over the income to the pastor of St. Paul's Church as one of the class of ministers mentioned in the statutes of incorporation (Laws 1843, ch. 131; Laws 1887, ch. 379), which provided that the trustees might take by devise or purchase. and that they should take charge of all property belonging to the New York Annual Conference, so far as the latter

might direct, and appropriate same for the benefit of the itinerant, supernumerary and superannuated preachers and widows and orphans of deceased preachers in such manner as the Conference might direct, as the capacity to take a devise meant a legal devise, not a devise void under the statute, and there was no provision for the trustees to hold funds for the building of parsonages.

Application to revoke probate of will and letters of administration c. t. a.

W. Irving Jennings, for proponent; J. A. & A. C. Griswold, for contestants.

SANDERSON, S.—John C. Wliliams died at Athens on the 29th day of July, 1891, in the eighty-second year of his age. His will bears date October 30, 1884. The disposing part of it reads as follows:

"I give and bequeath all of my personal estate, goods and chattels, of what nature or kind soever, to the Trustees of the New York Annual Conference of the Methodist Episcopal Church, to be held in trust by them, and the interest thereof applied each year on salary of the pastor of the St. Paul's Methodist Episcopal Church, situated at Athens, Greene County, New York.

"The above will and testament is subject to the following conditions: (1) If the trustees of the St. Paul's Methodist Episcopal Church, situated at Athens, Greene County, New York, erect a parsonage for the sole use and benefit of pastor of said church, they are authorized to draw upon the Trustees of the New York Annual Conference of the Methodist Episcopal Church for the amount necessary to secure the erection of said parsonage, free of debt. (2) If ever the society now known under the corporate name of St. Paul's Methodist Episcopal Church, situated at Athens, Greene County, New York, should become extinct, the Trustees of the New York Annual Conference of the Methodist Episcopal Church are authorized to turn over to the Board of Church Extension of the Methodist Episcopal Church the amount held in trust by them, under the powers vested in them by this will and testament."

No executors are named in the will. The theory of the will is to leave the personal property of the testator in trust during the corporate existence of St. Paul's Methodist Episcopal Church at Athens, with the exception of a part of it that may be applied to the erection of a parsonage. The Trustees of the New York Annual Conference are the trustees under the will, and the pastor of St. Paul's Methodist Episcopal Church at Athens is the principal beneficiary. The legal title to the personal property of the testator is in the trustees, without any power of disposal of the same. They must keep it invested in order to produce an income, and they are authorized to turn over to the Board of Church Extension of the Methodist Episcopal Church the amount held in trust by them in case the Methodist Church at Athens becomes extinct. It would be a clear violation of the duty of the trustees to dispose of the principal fund. The absolute ownership of the property is therefore suspended during a long period of time, unlimited by lives in being. Adams v. Perry, 43 N. Y. 487, 499. The Revised Statutes provide as follows:

"The absolute ownership of personal property shall not be suspended by any limitation or condition whatever for a longer period than during the continuance, and until the termination, of not more than two lives in being at the date of the instrument containing such limitation or condition, or, if such instrument be a will, for not more than two lives in being at the death of the testator." 1 Rev. St. 773, section 1.

There is no limitation whatever in the will in question upon the suspension of the absolute ownership of the property of the testator, except at the termination of the corporate existence of St. Paul's Methodist Episcopal Church at Athens. The will is therefore contrary to the statute, and is clearly void, unless it can be saved by other provisions of law. An examination of the decisions of the Court of Appeals, in cases similar to the one in question, will show what application they make of this statute. In Adams v. Perry, 43 N. Y. 487, the twentieth clause of the will provides that, if the donees under the will

(in this case an incorporated academy) fail to carry out the provisions of the will, the donation is void. It was held that this clause of the will is void because it violates the law against perpetuities. The fourth clause of the will required the executors to invest the residue of the real and personal property, and pay over the income annually to the Lowville Academy. It was held that this clause was also void, as contrary to the statute above cited. In Cottman v. Grace, 112 N. Y. 299, 19 N. E. Rep. 839, where the will provided that the mayor of New York and others should be trustees of the property of the testator for the purpose of erecting and maintaining a library, it was held that this provision was void, for the reason that it suspended the power of alienation or of the absolute ownership of personal property for more than two lives in being. In Read v. Williams, 125 N. Y. 560, 567, 26 N. E. Rep. 730, the executors were directed to set apart a trust fund to be perpetually kept, and apply the income for cemetery purposes. This clause was held void. In Fosdick v. Town of Hempstead, 125 N. Y. 581, 26 N. E. Rep. 801, where the will made a bequest to the executors for the permanent endowment of a school, the legacy was held void. In the same will a bequest to the town of Hempstead for the support of the poor of the town was held void, on the ground that the beneficiaries were not sufficiently defined, and on the further ground that such a trust was not within the corporate or administrative work of the town. The condition made in the will of the testator that, if the trustees of the Methodist Church at Athens should erect a parsonage, they are authorized to draw upon the trustees named in the will for an amount sufficient to erect the parsonage free from debt, is void for the same reason, viz., that there is no limitation as to time for the erection of the parsonage, so as to bring it within the purview of the statute. It is obvious that the trustees under the will must hold the trust fund until the trustees of the church should see fit to build a parsonage. This might be a longer or shorter time than that of the continuance of two lives in being. The statute

27

leaves the time in the discretion of no one. The lives, during the continuance of which the absolute ownership of personal property may be suspended, must be named in the instrument making the gift. Proponents seek to overcome this difficulty by showing that the Methodist Church at Athens has already purchased a parsonage, and had done so before testator died, and that the same is not free of debt. Assuming that the clause of the will now under consideration admits of the construction that would cover the purchase, as well as the erection, of a parsonage, the difficulty is inherent in the will itself. It is not the execution, but the nature, of the power that determines whether it is valid or not. Tilden v. Green, 130 N. Y. 29, 52, 28 N. E. Rep. 880. Both of the above provisions of the will would have been saved if the estate of the testator had been left to the Methodist Church at Athens for the purposes above mentioned. The support of its pastor and the erection of a parsonage are within the powers and duties of a religious corporation. The legacy would not have then been regarded as a "trust," within the meaning of the statute, and there would have been no suspension of absolute ownership. Wetmore v. Parker, 52 N. Y. 450; Williams v. Society, 64 Hun, 163, 18 N. Y. Supp. 820. But this is not the theory of the will. As it is now, the Methodist Church at Athens has no control over the fund during the continuance of the trust.

The last clause in the will, which authorizes the Trustees of the New York Annual Conference to pay over the trust fund to the Board of Church Extension of the Methodist Episcopal Church, if ever the aforesaid Methodist Church at Athens becomes extinct, is hopelessly bad, and no attempt is made on the argument to defend it. It is claimed by the counsel for the proponents that while the absolute ownership of the trust fund mentioned in the will is not limited upon lives in being, as required by the statute, the corporate powers of the Trustees of the New York Annual Conference of the Methodist Episcopal Church include the right to act as trustees of legacies given them, and pay over the income to the itinerant, supernumerary,

and superannuated ministers of the Methodist Episcopal Church connected with the New York Annual Conference, and that the pastor of St. Paul's Methodist Church at Athens belongs to this class of ministers. The trustees aforesaid are themselves an incorporated body. The act of incorporation provides that the said trustees are capable of taking by devise or purchase. The act further provides that "the said trustees shall take charge of all funds, personal and real estate whatsoever, now belonging, or which shall hereafter belong, to the said New York Annual Conference, so far as the said conference shall direct, and no further; and the said trustees shall appropriate the said property, and the avails of it, for the benefit of the itinerant, supernumerary, and superannuated preachers, and the widows and orphans of deceased preachers, in such manner as the said conference has directed, and shall from time to time direct, and no other." Laws 1843, ch. 131; Laws 1887, ch. 379. These are the only provisions that are claimed to support the contention of the proponents in this case. It is manifest that they fall far short of giving the corporate power for the performance of the trusts in this will. There is no provision for the said trustees to hold funds for the building of parsonages. The capacity to take by devise means a legal devise. It does not include a devise void under the statute. If there were no provision for them to take by devise, they could not take at all under a will. Corporations can do nothing except what they are authorized to do by law. All the property that the trustees are allowed to take under the above-quoted section of their charter is what belongs to conference, and only so much of that as the latter body may direct. The disposition of it is also completely under the control of conference, which is the governing body. The legacy in the will of the testator is not the property of conference, nor is the trust for the use of it in any way under its management. The trustees, as incorporated, and the New York Annual Conference, are separate bodies. As was said in Fosdick v. Town of Hempstead, *supra*, adapting the language there used to the facts of this case, a trust such as is mentioned

in this will is not within the corporate or administrative work of the said trustees. It is a case of *ultra vires*. They have no power to act. It follows that, if the bequest was otherwise good, the said trustees could not perform the duties of the trust in this will, and their trusteeship would fail.

The will of John C. Williams was admitted to probate September 7, 1891. A petition had been filed by the treasurer of the Trustees of the New York Annual Conference, stating, among other things, that said Williams had died, leaving no next of kin him surviving. A citation was issued to the public administrator, and on its return, no one appearing to oppose the probate of the will, proof was made by the subscribing witnesses of its due execution. On the 18th of April, 1892, Alida C. Yager made application to this court for a decree revoking the probate of said will, and the letters of administration with the will annexed which had been issued thereon, stating, among other things, that said petitioner and Snyder Pelham were second cousins of said Williams, and had received no notice of the proceedings for the proof of his will. Subsequently an order was made opening the decree for the probate of said will, and said petitioner and Snyder Pelham by a supplemental citation made parties; whereupon said Yager and Pelham filed objections to the validity and due execution of said will. The invalidity of the last will and testament of said John C. Williams, deceased, having now been established, a decree must be entered revoking the former probate of said will, and the letters of administration with the will annexed issued to St. Paul's Methodist Episcopal Church of Athens and Ewing A. Chase, and refusing to admit said will to probate.