THE FIRST PRESBYTERIAN CHURCH in the Village of Waterford, N. Y., Respondent, v. EDGAR C. McKALLOR, Executor, and MARTHA BELL SCOTT, Executrix, of the Last Will and Testament of CAROLINE S. KNICKERBOCKER, Late of Waterford, Deceased, Appellants.

*Will — legacy to the trustees of a church for particular purposes — provision for the care of a cemetery lot — precatory words.*

The fact that bequests are in form given in trust to a church for some particular purpose does not make them invalid so long as the purpose expressed is one within the corporate powers of the church.

A will, by its 9th clause, gave a legacy to the trustees of a Presbyterian church in trust to pay out of the income thereof a specific sum towards the repairs and improvements of its parsonage property and to apply the balance to the uses and purposes of the church, a portion thereof toward "defraying the expenses of one church sociable annually * * * and to divide the remainder thereof between the Ladies' Foreign and Home Missionary Societies connected with said church," and by the 10th clause the residuary estate was given to the trustees in trust to expend such part of the annual income as should be necessary to keep in good order and repair a cemetery lot, and the remainder for the uses and purposes of the church, the wish being expressed that in the distribution of such income the trustees should be guided by the officers of the Ladies' Sewing Society connected with the church.

*Held*, that the provisions of the 9th clause were authorized by section 4 of chapter 79 of the Laws of 1875, and by section 1 of chapter 176 of the Laws of 1876

— the wishes of the testatrix as to the maintenance of the church 'sociable and the aid to the Ladies' Foreign and Home Missionary Societies connected with the said church, and as to the Ladies' Sewing Society being treated, if necessary, as merely precatory;

That the provision of the 10th clause concerning the cemetery lot was valid under chapter 198 of the Laws of 1884, and that the fact that such cemetery was not owned by the church, and was distant therefrom half a mile, and that the lot in question was not among the few lots owned by the church therein was not material.

APPEAL by the defendants, Edgar C. McKallor and another, as executors, etc., of Caroline S. Knickerbocker, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 12th day of May, 1898, upon the decision of the court rendered after a trial at the Saratoga Special Term.

On or about the 27th day of September, 1895, Caroline S. Knickerbocker, an inhabitant of Waterford, in the county of Saratoga, died leaving a last will and testament which was afterwards duly proved and letters testamentary issued to the defendants. The 9th and 10th clauses of said will, the construction of which is involved in this action, are as follows:

"*Ninth.* I give and bequeath to the trustees of the First Presbyterian Church of Waterford, N. Y., the sum of $2,000 in trust, to invest the same, and out of the income therefrom to pay annually toward the repairs and improvements of the parsonage property of said church the sum of $50, the balance of said income to be for the uses and purposes of said church. It is my wish that in the disposal thereof the said trustees will apply $20 toward defraying the expenses of one church sociable annually in memory of my deceased mother, Mary L. Scott, and to divide the remainder thereof between the Ladies' Foreign and Home Missionary Societies connected with said church.

"*Tenth.* All the rest, residue and remainder of my property and estate of every name and kind, real and personal, I give, devise and bequeath unto the aforesaid trustees of the First Presbyterian Church of Waterford, N. Y., in trust, to receive, take charge of and invest the same, and from the income arising therefrom to expend annually so much thereof as shall be necessary to keep in good order and repair the cemetery lot of my deceased grandfather, Thomas Scott,

as now inclosed and situate in the Waterford Rural Cemetery, and
the remainder of such annual income to be applied and expended
for the uses and purposes of such church, which my deceased mother
cherished and loved so well many, many years. It being my wish
that said trustees will be guided, in the distribution of such income,
by the officers of the Ladies' Sewing Society connected with said
church, preferring benevolent to ordinary church expenses, hoping
such use will compensate for the burden of this trust."

The plaintiff claimed that these clauses were valid and effectual
to devise and bequeath to it the money and property therein men-
tioned, and asked for an accounting and payment.

The defendants claimed that the plaintiff had no power to take
the property in trust, and that the bequests were in violation of the
statute against perpetuities.

*Edmund Chase Knickerbocker*, for the appellants.

*C. S. & C. C. Lester*, for the respondent.

MERWIN, J.:

The plaintiff was incorporated under the provisions of chapter 60
of the Revised Laws of 1813 (3 R. S. [8th ed.] 1884). Under that
act or the acts supplementary thereto (Chap. 79, Laws of 1875;
chap. 176, Laws of 1876) the plaintiff had the right to hold real
and personal estate "for the use of such church, congregation or
society, or other pious uses." By the act of 1875 it was authorized
generally, within certain limits as to amount, to take and receive by
bequest or devise any real or personal estate. By section 4 of that
act the trustees of the society are authorized to hold and apply its
property and revenues "for the benefit of such corporation, accord-
ing to the discipline, rules and usages of the denomination to which
the church members of the corporation belong; and it shall not be
lawful for the trustees to divert such estate, property, or revenues to
any other purpose except toward the support and maintenance of
any religious, benevolent or other institution connected with such
church, congregation or religious society." By section 1 of the act
of 1876 it is provided that the trustees shall hold and apply the
property of the society and its revenues "for the benefit of such
corporation according to the rules and usages of the church or

denomination to which said corporation shall belong; and it shall not be lawful to divert such estate, property or revenue to any purpose, except the support and maintenance of any church or religious or benevolent institution or object connected with the church or denomination to which such corporation shall belong."

The bequests in this case were in legal effect to the corporation, although in terms to the trustees of the church. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424, 437; *Matter of Wesley*, 43 N. Y. St. Repr. 954; affd., 136 N. Y. 638.) The fact that the bequests are in form given in trust for some particular purpose does not make them invalid as long as the purpose expressed is one within the corporate powers of the church. (*Williams* v. *Williams*, 8 N. Y. 525, 530; *Wetmore* v. *Parker*, 52 id. 450; *Matter of Wesley, supra*.) The repairs and improvements " of the parsonage property of said church" are clearly within the powers of the corporation. Nor is there much doubt, upon the evidence in this case, that the maintenance of a church sociable and aiding the ladies' foreign and home missionary societies connected with said church are within the scope of the powers of the corporation. Be that as it may, the wish of the testatrix upon these subjects, as well as the wish in the last part of the 10th clause, should be treated as merely precatory. (*Bird* v. *Merklee*, 144 N. Y. 544, 550.) She had previously indicated her intention that the church should have the property absolutely for its uses and purposes. In such cases precatory words will not ordinarily be deemed to operate as a command. (2 Story Eq. Juris. § 1070.) "Where the words of a gift expressly point to an *absolute* enjoyment by the donee himself, the natural construction of subsequent precatory words is that they express the testator's belief or wish without imposing a trust." (1 Jarm. Wills [5th Am. ed.], 388.)

It is claimed by the appellant that the provision in the 10th clause for keeping in good order and repair the cemetery lot of the grandfather of the testatrix is invalid as being in violation of the statute against perpetuities. The argument is that the plaintiff had no power to take the fund for that purpose. If it had the power, the statute against perpetuities would not apply. (*Adams* v. *Perry*, 43 N. Y. 487, 500; *Cottman* v. *Grace*, 112 id. 299, 307.)

It is not necessary, I think, for us to determine whether the plain-

THIRD DEPARTMENT, NOVEMBER TERM, 1898.          [Vol. 35.

tiff, under its power to hold property for "other pious uses," can take a bequest for the care of a particular private burial lot. (See 5 Am. & Eng. Ency. of Law [2d ed.], 933.) For chapter 198 of the Laws of 1884 conferred power of that character sufficient, I think, for the purpose named. By that act an incorporated church or congregation in the State has power to take any grant or bequest of property upon trust to apply the same or the income thereof under the direction of the trustees for the improvement or embellishment of any burial ground or cemetery connected with any such church or congregation, or lot therein, or for the repair of any monument, railing or other erection, or for improving the premises in any other manner or form consistent with the design and purpose of the act according to the terms of the grant or bequest.

It is argued that the cemetery named in the bequest is not connected with the church or congregation represented by the plaintiff. The cemetery is not owned by the church, and is distant therefrom about a quarter of a mile. It is the only Protestant place of burying in that vicinity. The church owns eight lots in the cemetery, and these it takes care of. Some of the poorer members of the church are buried in them, and a former pastor is buried there. The lot of the testatrix's grandfather is not one of the eight lots referred to. He was a member of the church as was also the testatrix.

The cemetery named in the bequest was, I think, connected with the church or congregation within the meaning and purpose of the act.

In this view of the statute of 1884 it is not necessary to consider the question whether the plaintiff would take the fund, although the first purpose was invalid. (See *Matter of Birkett*, L. R. [9 Ch. Div.] 576 ; *Matter of Bonnet*, 113 N. Y. 522.)

These considerations lead to an affirmance of the judgment.

All concurred.

Judgment affirmed, with costs.