(Surrogate's Court, New York County. November, 1900.)

1. WILLS—CONSTRUCTION—CONDITIONS SUBSEQUENT.

Where testatrix devised her residence to two persons for life on condition that they make the property their residence, and preserve and take care of the portraits of certain of the testatrix's deceased relatives in the house, such conditions were conditions subsequent only, authorizing the testatrix's heirs at law to sue in case of breach, and did not prevent the estate from vesting forthwith on the death of the testatrix.

2. SAME—POWER OF APPOINTMENT.

Where a testatrix devised her residence and personal property located therein to two persons for life, with a power to them to appoint the ultimate owner by will to such of their children as they might designate, on condition that they accept the property, and during their lives occupy the same as a residence, and do not let or underlet the same, the conditions as to continued residence and refraining from letting were conditions which attached only to the right to exercise the power of appointment of the remainder-men, and not conditions precedent to the vesting of the devise and bequest of the house and furnishings in such devisees.

3. SAME—RESIDUARY DEVISE.

Testatrix devised a life estate, with power of appointment, in her residence and furniture, to two devisees on certain conditions, authorizing the devisees to appoint the remainder-men from their children by will, and bequeathed all the residue of testatrix's estate to such life tenants, provided they accepted the devise and bequest of the residence, but, if they refused so to accept them, the devise and bequest should be divided between two others. *Held* that, such devisees having accepted the devise of the residence, their rights to the fee of the residuary estate became vested in them without condition, and hence the devisees, on condition of the nonacceptance of such devise, acquired no rights in the estate.

4. SAME—BREACH OF CONDITION—EFFECT.

Where testatrix devised her residence on condition subsequent that it should be used by the devisees as a residence, and that certain portraits should be preserved, and in case of the devisees' acceptance of such devise then they were also to receive the entire residuary estate of the testatrix, in case of a breach of any condition of the devise after acceptance title would fail only to that portion, and not to the property passing under the residuary estate, and the benefits of such breach would accrue only to the testatrix's heirs at law, and not to any person named in the will.

5. SAME—LIFE ESTATES—BOND TO DELIVER.

Where a testatrix devised her residence and contents for life, and declared that, if the devisees should accept the devise, they should take the remainder of her estate in fee, otherwise the property should go to others named in the will, and the devisees did accept, they were not required to give bond to surrender the contents of the house after the expiration of their life interests, since they were entitled to the remainder of such personalty by virtue of the residuary clause of the will; and the fact that their title thereto might ultimately be defeated by breach of a condition subsequent was immaterial.

6. SAME—LEGACIES—VALIDITY—RIGHT TO CONTEST.

Where the invalidity of a legacy will only increase the residuary fund, its validity cannot be questioned by persons having no interest in such fund.

7. SAME—GIFT TO CORPORATION.

A gift to the trustees of a cemetery corporation for the purpose of keeping testatrix's family burial lot in order was a valid gift to the corporation.

Judicial accounting by the executors of Esther Woods, deceased.

George L. Ingraham, for executors.
Charles H. Brush and Charles F. Brown, for legatees.
Wilson Brown, for White Plains Cemetery.
Daniel J. Holden, Franklin C. Hoyt, James E. Kelly, and James Barclay, for contestants.
Jordan J. Rollins and James W. Gerard, special guardians.

THOMAS, S.   I construe the will of the testatrix, as to the clauses or paragraphs numbered fifteenth, sixteenth, seventeenth, and twenty-first, as follows:   The testatrix devises and bequeaths to Sarah Hart and Esther Hart an estate or interest in the house No. 38 East Third street, in the city of New York, with all of its contents, for their use during the term of their natural lives.   This devise and bequest is upon condition that they make said property their residence, and upon the further condition that they preserve and take care of the portraits of the deceased husband of the testatrix and of her two deceased sons, which were in said house, and which must remain there.   The conditions annexed to this devise and bequest are conditions subsequent, and may operate, upon the breach of any of them, to give to the heirs at law of the testatrix as to the real estate, and to her next of kin as to her personalty, a right of action which is the modern substitute for what at common law was a right to enter for condition broken.   The right to the use of the property upon the terms prescribed, which is, in legal effect, an estate for life, subject to be defeated by a breach of one of the conditions subsequent, vested forthwith and at once, at the death of the testatrix, in the devisees and legatees named.   The fee of this real property remaining after the death of Sarah Hart and Esther Hart did not vest in them under the fifteenth clause, and the testatrix never intended that it should vest in them, and it is not included in the devise to them.   As to this remainder in fee a power is given to them to appoint the ultimate owner, by last will, to such of their children as they may designate by their last will and testament, provided and upon condition that they accept the property with the conditions imposed, and during their lives occupy the same as a residence, and do not let or underlet the same.   The conditions as to continued residence upon the property and refraining from letting or underletting the same are conditions upon which depend the right to exercise the power of appointing the remainder, and are not conditions precedent to postpone or prevent the vesting of the devise and bequest of the house and furniture, subject to conditions subsequent as already stated.   In case the said Sarah Hart and Esther Hart do not accept the said bequest and devise to them, then the said property No. 38 East Third street, with its contents, is given to Martha Ann Hart and Imogene L. Guion upon the same conditions, and with like power to appoint the remainder-men from such of their children as they may designate by their last will and testament. All of the rest, residue, and remainder of the estate of the testatrix she gives and bequeaths unto Sarah Hart and Esther Hart if they accept the devise and bequest already mentioned, and if they make

their residence in the house No. 38 East Third street, in the city of New York, as therein provided and conditioned, and not otherwise. This residuary devise and bequest is subject to the condition precedent that the persons named shall accept the devise and bequest of the rights in the Third street house and its contents tendered to them, and shall make that place their residence. If they did this, their rights as absolute owners forthwith became vested in the residuary estate, and are not made subject to be defeated by any condition subsequent, and they are not to be abridged by any limitation. A condition subsequent is not to be implied where none is created; neither is a partial intestacy to be created by a forced construction of words. If Sarah Hart and Esther Hart should fail to accept the devise and bequest of the limited estate tendered to them in the Third street house, a similar alternative devise and bequest of the residuary estate is made to Martha Ann Hart and Imogene L. Guion. The rights of Sarah Hart and Esther Hart, if they have accepted the devise to them, exclude all claim of Martha Ann Hart and Imogene L. Guion, who, upon no contingency whatever, can ever take any interest under any of the clauses now under consideration. Their rights depend upon the contingency that Sarah Hart and Esther Hart might not accept; and, if Sarah Hart and Esther Hart have accepted, then they never can acquire anything. No language in the will grants anything to Martha Ann Hart and Imogene L. Guion, or to any other person, if or when the first devisees disappoint the wishes of the testatrix, or violate any of the conditions of continued ownership, or of power to appoint the remainder. In case of a breach of any condition, title would fail only as to No. 38 East Third street or its contents, and the benefits would accrue to the heirs and next of kin of the testatrix as such, and not to any person specifically designated in the will. The proof taken before me requires the finding that Sarah Hart and Esther Hart have accepted the devise tendered to them; that they have made the Third street house their residence; and that up to this time they have complied with every condition imposed by the testatrix, and with every wish that she has expressed in her will.

The conclusion which I have reached as to the proper construction of the will makes it unnecessary for me to discuss the question, so elaborately and carefully presented by the numerous counsel representing the various interests, as to an alleged suspension of the power of alienation. No one has claimed that two successive life estates, with power to appoint a remainder, are not entirely valid. Since I determine that the residuary legatees are now entitled to take the residuary personalty absolutely, and free from any condition, it follows that no bond can be required as to anything, except only, perhaps, the contents of the Third street house, as to which they are tenants for life. They will not be required to furnish a bond as a condition for the delivery to them of the contents of that house at the time of the death of the testatrix for the reason that they are, by virtue of the residuary clause, entitled to the remainder of such personalty after the expiration of their life interests therein. The contingency that they may forfeit a right to continued use of

this particular personalty by the breach of a condition subsequent does not defeat or cut down their title. Even as to real estate such a contingency is not an estate vested in the heirs of the testator, and, though it may be released, it cannot be granted or transferred by them. I have not been referred to any case where the power has been asserted in a court of probate or a court of equity to require a bond in such a case. The exercise of such a power in this case, if it exists, and is discretionary, should be refused, because it might result in defeating a wish of the testatrix, based on sentimental considerations, that the persons selected by her should protect, care for, and enjoy the articles of her personal use and the portraits of those who were dear to her.

The Rural Cemetery at White Plains, referred to in the second paragraph of the will, has been shown by evidence taken before me to be the corporation having the legal title of "White Plains Rural Cemetery." The church described in the second paragraph as "the White Plains Methodist Episcopal Church in the county of Westchester and state of New York, also known as the Village Church," was also shown to be the corporation legally known as the "Memorial Methodist Episcopal Church of White Plains." The identity of a legatee may be proved by parol. Riley v. Diggs, 2 Dem. Sur. 184. The gift of $2,000 to "the persons who at the time of my death shall be trustees of the Rural Cemetery at White Plains," etc., in trust, to apply the income in keeping the testatrix's family burial plot in order, is objected to by certain of the contestants, who also object to the claims of the residuary legatees. Since the claims of the residuary legatees are established, and they do not object, and the invalidity of the legacy would increase their shares in the estate (Riker v. Cornwell, 113 N. Y. 115, 20 N. E. 602), the objectants have no standing to urge the objection, and it must be overruled on this ground. The gift to the trustees of the cemetery, as such, to be invested and expended by them in a matter which concerns the affairs of the corporation, is a gift to the corporation. In re Wesley (Sup.) 17 N. Y. Supp. 304, affirmed in 136 N. Y. 638, 32 N. E. 1014; Presbyterian Church v. McKallor, 35 App. Div. 98, 101, 54 N. Y. Supp. 740; Chamberlain v. Chamberlain, 43 N. Y. 424, 437. The decree may be settled on notice. Parties deeming themselves entitled to costs will notice bills of costs for taxation, and all questions will then be disposed of.

Decreed accordingly.