An order may be entered confirming the order of July fourth and continuing him as receiver.

Ordered accordingly.

---

Matter of the Judicial Settlement of the Administrators with the Will Annexed of the Estate of LUCY DANIELS, Deceased.

(Surrogate's Court, Madison County, August, 1903.)

Immediate bequest to a religious soc'ety — When the words " in trust " do not create a trust.

A bequest to a religious society, incorporated under R. L. 1813, ch. 60, of money " in trust, to be kept invested " and the income applied in repairing its church and parsonage is a gift which the society may take under that statute and is an absolute and immediate gift.

The gift is not limited or affected by the words " in trust ", since there is a gift of the whole income for an indefinite time and no gift over.

THE thirty-first and thirty-second subdivisions of the will of the testatrix read as follows:

" I bequeath Fifteen Hundred Dollars to the First Methodist Episcipal Church of Hamilton in the Village of Earlville, in trust, to be kept invested and the income thereof to be applied in repairing its Church edifice and parsonage.

" I bequeath Six Hundred Dollars to the First Baptist Church of Sherburne, commonly known as the Earlville

Baptist Church, in trust, to be kept invested and the income thereof to be applied in keeping the Church edifice and grounds in repair."

The questions presented for the consideration of the court are: *First,* as to the validity of these bequests, and *second,* if valid, shall they be paid directly to the societies named, or must trustees be apponted to receive them?

S. B. Cloyes, for administrators.

M. H. Kiley, special guardian for infants, residuary legatees.

SMITH, J. E., S.   The societies, legatees, were incorporated under chapter 60, Revised Laws of 1813, which law authorizes them to receive and hold real and personal property.   Section 4 of the act provides as follows: " The trustees of every church, congregation or society herein above mentioned and their successors are hereby authorized and empowered to take in to their possession and custody all the temporalities belonging to such church, congregation or society, whether the same consist of real or personal estate, and whether the same shall have been given, granted or devised directly to such church, congregation or society, or to any other person for their use   *   *   *   and also to purchase and hold other real and personal estate   *   *   *   for the use of such church, congregation or society, or other pious uses."

A religious corporation, therefore, is authorized by this statute to take possession of personal property that has been given, granted, or devised directly to it or to any other person for its use, and to hold the same for its use or to other pious uses.   Tabernacle Church v. Fifth Avenue Church, 60 App. Div. 327, and cases there cited; First Presbyterian Church v. McKallor, 35 id. 98.

In the case of Williams v. Williams, 8 N. Y. 526, it was held that the object of this class of corporations being to perpetuate the uses of the property acquired by them, it necessarily follows that it is legal for a donor to prescribe by way of limitation or condition that his particular gift

shall be kept and preserved so as to subserve the purposes which the corporation was created to promote, and that it shall not be wasted, alienated or otherwise misappropriated. In other words, it is simply declaring that the property shall be devoted to the object which the Legislature had in view in providing for the corporate existence of the donee; and hence the court held that a just construction of the statute respecting religious corporations authorizes them to hold property granted to them with a provision requiring the income to be permanently devoted to its uses, and forbidding the diversion of the principal from the proper object of the society.

Repairing the church edifice and parsonage and keeping the church grounds in repair are within the powers and duties of a religious corporation. Matter of Estate of Williams, 1 Misc. Rep. 444; First Presbyterian Church v. McKallor, *supra*.

The subject of charitable bequests and devises has frequently been before the courts for adjudication and the general principles applicable to them are settled, and while the decision in the case of Williams v. Williams as to another bequest, involving the existence of the English system of charitable uses in this State has been disapproved and has been regarded as overruled, the decision sustaining the bequest to the Huntington Church (a religious corporation), has not only never been questioned, but has been expressly approved in subsequent cases in that court. Wetmore v. Parker, 52 N. Y. 450, and cases there cited. In this case it is held that a corporation created for charity may take and hold personal property limited by the donor to any of the corporate uses of the donee, and a direction of the donor that the principal shall be kept inviolate, and the income only expended, will not invalidate the gift, provided of course that the same is immediate and vested. The question relates to the capacity of the corporation; and the law of perpetuity has nothing to do with it.

If the societies have the power to take the funds for the purposes specified in the will, the statute against perpetuities

will not apply. Adams v. Perry, 43 N. Y. 487–500; Cottman v. Grace, 112 id. 299–307; First Presbyterian Church v. McKallor, *suprra*. Such gifts are valid, not because they *per se* are exempted from the operation of the statute, but for the reason that by their charters they are authorized to take and hold property, and thus exempted from their operation. 43 N. Y. 500.

In Matter of the Estate of Williams, 1 Misc. Rep. 440, the testator bequeathed all of his personal estate to the trustees of the New York Annual Conference of the Methodist Episcopal Church, to be held in trust by them, and the interest thereof to be applied each year on salary of the pastor of the St. Paul's Methodist Episcopal Church, situated at Athens, Greene county, N. Y. The court held that the legal title to the personal property of the testator is in the trustees without any power of disposal of the same. They must keep it invested in order to produce an income, and they are authorized to turn over to the Board of Church Extension of the Methodist Episcopal Church the amount held in trust by them, in case the Methodist Church at Athens becomes extinct. That it would be a clear violation of the duty of the trustees to dispose of the principal sum and the absolute ownership in the property is, therefore, suspended during a long period of time, unlimited by lives in being. The learned surrogate held that both of the objectionable provisions of the will would have been saved if the estate of the testator had been left to the Methodist Church at Athens for the purposes mentioned in the will. That the legacy would not then have been regarded as a trust within the meaning of the statute, and there would have been no contention of absolute ownership. In that case, the property was given to another corporation, in trust, for the benefit of the church at Athens. That church had no control over the funds during the continuance of the trust. In this case, the bequests are directed to the religious corporations, who are to keep the funds invested. They are trustees for that purpose, and for the purpose of applying the income for the uses specified in the will. The gifts were immediate, and

Misc.]    Surrogate's Court, Madison County, August, 1903.

became at once vested. The corporation never could have any other or greater interest than they then had; and no one else had any interest, contingent or otherwise, in the funds. There was no expectant or future contingent interest in any one, and if it be said that the statute of perpetuity is violated because the words " in trust to be kept invested," takes away the *jus disponendi* without which there cannot be absolute ownership, if this is the effect of the direction that the fund should be kept invested, the direction would probably be held void, while the gift would be sustained to carry out the main purpose of the testatrix within a well-recognized principle. Wetmore v. Parker, 52 N. Y. 459.

Where a legacy is given to a person or corporation, and that person or corporation is to have the perpetual use or income to be derived from the legacy, and there is no limitation over, that is, no remainderman, such a legacy is an absolute gift to the person or corporation, even though the words " in trust " are annexed to the gift. In other words, a bequest to a person or corporation " in trust " where that person or corporation is to have the income during his or its life, and there is no bequest over of the remainder, it amounts to an absolute gift, and the words " in trust " will be regarded as precatory words.

Page on Wills, § 595, states the following rule: " So where the income in personalty is given to one, without limiting it to his life, it is held that absolute ownership of the property from which the income is derived passes to the legatee. A life estate in personalty without any gift over is held in Delaware to pass an absolute interest." In First Presbyterian Church v. McKallor, *supra*, the will provided as follows: " I give and bequeath to the trustees of the First Presbyterian Church of Waterford, N. Y., the sum of $2,000.00, *in trust*, to invest the same, and out of the income therefrom to pay annually toward the repairs and improvements of the parsonage property of said church the sum of $50.00, the balance of said income to be for the uses and purposes of said church," and it was held that the bequest was an absolute gift to the church. Merwin, J., in writing

Surrogate's Court, Madison County, August, 1903.    [Vol. 41.

the opinion of the court, says:   The fact that the bequests are in form given in trust for some particular purpose does not make them invalid as long as the purpose expressed is one within the corporate powers of the church."

In Matter of Wood, 33 Misc. Rep. 12, the surrogate of New York held that a gift to a rural cemetery *in trust* for certain purposes is a gift to the corporation.

In Matter of Smith, 131 N. Y. 246, Andrews, J., uses this language:   " The rule that the gift of the income of property is a gift of the property itself, only applies when there is no limitation of time attached to the gift."

The income only of the permanent endowment of such institutions can be used with safety to their very existence. Any other course would frustrate, and sooner or later destroy its usefulness, and as was said by Church, Ch. J., in Wetmore v. Parker, *supra:* " No mortmain law, restrictive as they have sometimes been, ever prevented the donors from making their gifts in such terms as would preserve the principal from dissipation.   It does not create a trust in any such sense, as that term is applied to property.   The corporation uses the property, in accordance with the law of its creation, for its own purposes; and the dictation of the manner of its use, within the law by the donor, does not affect its ownership or make it a trustee.   A person may transform himself into a trustee for another, but he cannot be a trustee for himself.   Lewin on Trusts, 15."

In writing the opinion in the case of Tabernacle Church v. Fifth Avenue Church, *supra,* at page 335, Hatch, J., uses this language:   "As we construe this instrument, it falls within the class of so-called trusts arising out of gifts and bequests to charitable and religious corporations for the promotion of some corporate purpose, which have been held not to be trusts in the legal sense.   Such a gift does not create a trust in any such sense as that term is applied to property. The donor may lawfully restrain the use of the donee to the income, so as to preserve the principal from dissipation, the gift being to promote some of its chartered purposes. * * * In the present case the corporation is directed to use the in-

come in accordance with the law of its creation, for its own purposes * * * and the direction as to the manner of its use, within that law, does not affect its ownership nor make it a trustee."

In Bird v. Merklee, 144 N. Y. 550, Bartlett, J., states: " The fact that the testator has designated the purpose for which this legacy must be used does not indicate a desire upon his part to create a trust. If it were necessary in order to sustain the bequest these words of designation by the testator might be treated as merely precatory, but we think it was entirely competent for him to apply his bounty to the whole or any one or more of the various purposes for which the corporations are authorized to hold property. * * * The fundamental error in this case, in the court below, and in cases that are frequently coming to the attention of this court, is the failure to recognize the fact that gifts to religious and charitable corporations to aid in carrying out the purposes for which they are organized, whether by expend-ing the principal of a bequest, or the income of a bequest to be invested in perpetuity, do not create a trust in any legal sense, do not offend against the statutes of perpetuities, are not to be judged by any of the well-known rules pertaining to the law of trusts as applied to private individuals."

It has repeatedly been held that an unqualified gift by will of the rents or income of real estate is, in legal effect, a devise of the property itself. Mott v. Richtmyer, 57 N. Y. 49-60; Jennings v. Conboy, 73 id. 230; Monarque v. Monarque, 80 id. 320-324; Bailey v. Bailey, 97 id. 460, 470, 471.

The same rule is held to apply to personal property. In Mott v. Richtmyer, supra, the court held that "A grant of the use and income of real or personal estate forever carries the fee of the land, and the personal estate itself."

I think there is no question about the rule that, where a religious corporation is given the income of a fund, to be used for some purpose within its corporate powers, and there is no other limitation to the gift, that it is an absolute gift to the corporation, and that the words " in trust " cannot

Surrogate's Court, Madison County, August, 1903. [Vol. 41.

limit or change the absolute character of the gift, and where the same person is both the trustee and beneficiary the trust is abrogated.

In this case, the funds are given to the societies, but the testatrix has provided for their investment and safe-keeping, so that the income can be used for the purposes named by her, and within the objects and powers of those societies. The language of the will clearly expresses the intent of the testatrix to make the gifts absolute and immediate. The funds are not given to others for the use of the societies, but to the societies themselves.

The bequests fall within that class which Judge Grover had in his mind when he wrote the opinion of the court in Adams v. Perry, 43 N. Y. 497, in which he said: "He should have found no difficulty in sustaining the bequest of the residue had it been made directly to the corporation, or if capable of being so construed as to vest the title of the *corpus* in the corporation, subject to the trusts and conditions specified."

In Matter of Williams, 64 Hun, 163, where the bequest was to be loaned on bond and mortgage and so kept by the executor, and the interest arising therefrom to be appropriated yearly to pay for the preaching of the gospel, the court held that the legacy was not, in substance, a gift to the executors, in trust forever. That the legacy vested absolutely in the society.

I, therefore, conclude that the bequests are valid, and that the title and ownership passes to the respective societies.

It, therefore, follows that the funds should be paid to those societies, and a decree may be prepared accordingly.

Decreed accordingly.